[Cite as *State v. Wiley*, 2019-Ohio-4727.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2019 CA 00024 |
| BRANDON WILEY | |
| Defendant-Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Court of
Common Pleas, Case No. 18CR414


JUDGMENT:                      Affirmed

DATE OF JUDGMENT ENTRY:        November 15, 2019


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant

WILLIAM C. HAYES                      WILLIAM T. CRAMER
Licking County Prosecutor             470 Olde Worthington Road – Ste. #200
                                      Westerville, Ohio  43082
BILL CASE
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio  43055

*Hoffman, J.*

{¶1}　Appellant Brandon Wiley appeals the judgment entered by the Licking County Common Pleas Court convicting him of aggravated possession of drugs (R.C. 2925.11) following his plea of no contest, and sentencing him to five years incarceration. Appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

{¶2}　On July 12, 2018, the Licking County Grand Jury indicted Appellant with one count of aggravated possession of methamphetamine. Appellant failed to appear for his jury trial scheduled for September 26, 2018, and a capias was issued for his arrest. After his arrest on November 19, 2018, the case was reopened. Counsel was appointed to represent Appellant on November 21, 2018.

{¶3}　Appellant appeared for what the court expected to be a change of plea hearing on January 28, 2019. At the hearing, his counsel represented Appellant was unhappy with the plea offer and would like the case to be set for jury trial. Appellant stated he was not satisfied with how his attorney was representing him, and he would like to file for new counsel. The court responded Appellant was free to hire any attorney he wanted, but could not fire his court-appointed attorney.

{¶4}　Appellant continued to state counsel was not representing him "as best he can." Tr. (1/28/19 hearing) 4. He told the court he had talked to counsel for maybe ten minutes. Appellant represented when his attorney came to the jail, counsel texted on his phone the entire time. Appellant further stated he did not agree to the change of plea, his counsel "did it all on his own." *Id.* at 5. The court told Appellant he would make sure his

---

[1] A rendition of the facts is unnecessary for our resolution of the issue raised on appeal.

attorney did not text on his phone the entire time when he came to the jail, and would reset the case for jury trial.

{¶5}   Counsel told the court he had been to the jail three times, and regardless of the duration of his visits, they were sufficient to answer Appellant's questions.  He further stated Appellant is unhappy because the case carried a mandatory prison sentence, and he would like the case to be reduced to an offense where he would have an opportunity for community control.  However, the State was not making such an offer to Appellant.

{¶6}   Appellant filed a motion to suppress which was overruled. The case was again set for trial on March 14, 2019.  At the outset of the trial, counsel for Appellant informed the court he was not sure where the case stood.  Appellant indicated to counsel the day prior to trial he wished to change his plea to no contest.  However, based on the fact Appellant previously failed to change his plea after indicating such an intention, counsel was prepared to go to trial.

{¶7}   The court indicated he would bring the jury in and get started.  At this point, Appellant interjected, "I'd like to plead no contest."  Tr. (Sent.) 5.  The court called a short recess to allow Appellant to confer with counsel.  During the plea colloquy which ensued, Appellant indicated he had discussed the facts and circumstances of his case, along with all possible defenses, fully and completely with his attorney; he was satisfied with the advice his attorney had given him today and throughout the proceedings; he understood no one could make him change his plea; and he was changing his plea freely and voluntarily, knowing what his rights are.

**{¶8}** The court convicted Appellant upon his plea of no contest and sentenced him to five years incarceration. It is from the March 14, 2019 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT AND ART. I, SEC. 10 OF THE OHIO CONSTITUTION BY REFUSING TO APPOINT NEW COUNSEL AFTER A BREAKDOWN IN COMMUNICATION WITH EXISTING COUNSEL.

**{¶9}** We note, this matter comes before this Court pursuant to the accelerated calendar and App. Rule 11.1. Accordingly, it is sufficient compliance with Appellate Rule 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

**{¶10}** Appellant's trial counsel was court-appointed. "To discharge a court-appointed attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel." *State v. Coleman*, 37 Ohio St.3d 286, 525 N.E.2d 792 (1988), paragraph four of the syllabus. "'An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate "good cause" to warrant substitution of counsel.'" *State v. Cowans*, 87 Ohio St.3d 68, 72, 717 N.E.2d 298, *quoting United States v. Iles*, 906 F.2d 1122, 1130 (C.A.6, 1990).

{¶11} The trial court's decision is reviewed under an abuse of discretion standard. *Id.* In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶12} While Appellant indicated displeasure with his attorney's communication with him at his initial change of plea hearing, the record does not reflect at such time the attorney-client relationship had broken down to such a magnitude as to jeopardize his right to the effective assistance of counsel. The court informed Appellant he would instruct counsel not to text on his visits to the jail with Appellant, and set the case for jury trial at Appellant's request.

{¶13} Counsel appeared ready to proceed for jury trial a month and a half later on March 14, 2019. At this point Appellant desired to change his plea to no contest. The record reflects the court took a recess to allow Appellant to confer with his attorney. During the plea colloquy which ensued, Appellant indicated he had discussed the facts and circumstances of his case, along with all possible defenses fully and completely with his attorney; he was satisfied with the advice his attorney had given him today and throughout the proceedings; he understood no one could make him change his plea; and he was changing his plea freely and voluntarily, knowing what his rights are. We find the trial court did not abuse its discretion in denying Appellant's initial request to fire his court-appointed attorney.

**{¶14}** The assignment of error is overruled. The judgment of the Licking County Common Pleas Court is affirmed.


By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur